UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN D. PITTMAN                                CIVIL ACTION

VERSUS                                          NUMBER: 06-10737

MARLIN PEACHY, ET AL.                           SECTION: "A"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, Kevin D. Pittman, against defendants, Warden Marlin Peachey of the St. Tammany Parish Prison ("STPP") and St. Tammany Parish Sheriff Rodney Jack Strain, Jr.  (Rec. doc. 1). Plaintiff, an inmate of STPP at the time that suit was filed, complained of the lack of legal materials and/or legal assistance at the jail for the purpose of challenging a detainer emanating from Mississippi.  (Id.).

After issue was joined, by order ("Briefing Order") dated February 5, 2007, plaintiff was directed to file in the record of this proceeding, on or before March 2, 2007, a statement of the

facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses.  (Rec. doc. 8).  When plaintiff failed to respond to the Briefing Order as directed, he was ordered to show cause ("Rule to Show Cause"), in writing and on or before April 10, 2007, as to why his lawsuit should not be dismissed for failure to prosecute.  (Rec. doc. 9). At roughly the same time that the Rule to Show Cause was issued, plaintiff advised the Court that his mailing address had changed to a street address in Picayune, Mississippi.  (Rec. doc. 10). Accordingly, by order dated April 11, 2007, the Court directed the Clerk's Office to re-mail a copy of the Rule to Show Cause to plaintiff at his new address of record and ordered plaintiff to file a response to same on or before April 27, 2007.  (Rec. doc. 11).  Unfortunately, plaintiff has not responded to the Rule to Show Cause as directed, nor has he provided the Court with the information required by the Briefing Order.

   Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School

District, 570 F.2d 541, 544-45 (5th Cir. 1978).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders.  Markwall v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  As plaintiff is proceeding pro se in this matter, the Court must consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

The Court has endeavored to take those steps that were necessary to place plaintiff's case in a proper posture to be litigated to its completion.  Unfortunately, those efforts have been thwarted by the inaction of plaintiff in responding to the Court's Briefing Order and the Rule to Show Cause.  As plaintiff is not represented by counsel in this case, these failures are attributable to him alone.  Accordingly, it will be recommended that plaintiff's lawsuit be dismissed with prejudice under Rule 41(b), Fed.R.Civ.P.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice pursuant to Rule 41(b), Fed.R.Civ.P.

A party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  10th  day of ____May____,
2007.

_____
UNITED STATES MAGISTRATE JUDGE